**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 14-20642-Cr-MOORE(s)**

**UNITED STATES OF AMERICA,**

**v.**

**TIMOTHY MIERS,**

 **a/k/a "Vinny,"**

 **Defendant.**

_____/

**UNITED STATES'S RESPONSE OPPOSING COUNSEL'S MOTION TO WITHDRAW**

COMES NOW, THE UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney, and hereby files this Response Opposing Counsel's Motion to Withdraw (DE85), and states as follows:

1. The defendant filed a pro se Motion for Judgment of Acquittal, New Trial and for Transcripts and Continuance (DE82).

2. Pertinent here, the defendant alleged therein that his assigned counsel was ineffective at trial and admitted as much during a recent meeting in anticipation of sentencing. While the defendant does not specifically request removal of defense counsel, he twice alleges that the filing is done in order to "prevent ineffective assistance of counsel."

3. On February 17, 2015, nine (9) days prior to the sentencing hearing, defense counsel filed a Motion to Withdraw (DE85).

4. The government opposes the Motion to Withdraw for failure to meet the requirements of United States v. Calderon, 127 F.3d 1314 (11th Cir.1997) (An attorney may withdraw if

1

the Court finds a conflict of interest, a complete breakdown in communication between the client and the attorney, or an irreconcilable conflict which leads to an apparently unjust verdict).

5. The government joins in defense counsel's request for a pre-sentencing hearing determination since the government is making arrangements to fly in witnesses to be present for the sentencing hearing.[1]

## MEMORANDUM OF LAW

The right to counsel does not mean that a defendant has an unqualified right to counsel of their choice: absent "good cause" to dismiss a court-appointed lawyer, an indigent defendant must accept the appointed lawyer or proceed pro se. United States v. Garey, 540 F.3d 1253, 1263-64 (11th Cir. 2008) (en banc). "Good cause" is limited to "a fundamental problem, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." Id. Because good cause for substitution of counsel cannot be solely based on a defendant's perception, a defendant's general loss of confidence or trust in his counsel, standing alone, is insufficient. Thomas v. Wainwright, 767 F.2d 738, 742 (11th Cir. 1985). See also United States v. Calderon, 127 F.3d 1314, 1343 (11th Cir. 1997) (holding that a total breakdown in communication did not occur where the defendant's accusations showed that he was merely displeased with counsel, and counsel attested that he did not take these accusations personally and could effectively argue sentencing issues); United States v. Brown, 79 F.3d 1499, 1506 (7th Cir. 1996) (finding that counsel's accusation in open court that his client was a liar and subsequent argumentative relationship was insufficient to indicate breakdown in communication).

---

[1] No witnesses will testify. All victim and witness impact statements have or will be submitted to the Court.

A district court's denial of a <u>Motion to Withdraw</u> is reviewed for an abuse of discretion. <u>United States v. Calderon</u>, 127 F.3d 1314, 1343 (11th Cir.1997). In reviewing whether a district court abused its discretion, the most relevant factors include: "1) the timeliness of the motion; 2) the adequacy of the court's inquiry into merits of the motion; and 3) whether the conflict was so great that it resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate defense." <u>Id</u>. As such, the Court should inquire of MIERS into the reasons for his dissatisfaction with trial counsel. <u>United States v. Garcia</u>, 563 Fed.Appx. 714, 716 (11th Cir. 2014). The Court should also determine to what extent MIERS and counsel remained in communication regarding sentencing. <u>Id</u>. <u>See also United States v. Kerns</u>, 336 Fed.Appx. 916 (11th Cir. 2009) (the record reflected defendant and his counsel remained able to communicate about defendant's resentencing proceedings, and counsel admitted, both at the hearing on his motion to withdraw and at resentencing, that he could represent defendant in an ethical and competent manner) The Court must also be satisfied that MIERS would be prejudiced at sentencing by continued representation.[2] <u>Garcia</u>, 563 Fed.Appx. at 716. (quoting <u>United States v. Zillges</u>, 978 F.2d 369, 372–73 (7th Cir.1992)). <u>See also United States v. Alvarado</u>, 449 Fed.Appx. 835 (11th Cir. 2011).

WHEREFORE, the government moves for a pre-sentencing hearing determination in

---

[2] In this case, the Court is bound by the findings of the jury in making a guidelines range determination. The information contained in the PSR that impact the guideline range relating to Adjusted Base Offense Level are all based on the trial evidence.

accordance with <u>Calderon</u> and <u>Garey</u>, <u>supra</u>.


Respectfully submitted,


WIFREDO A. FERRER
UNITED STATES ATTORNEY


By:  <u>s/ Michael E. Gilfarb      </u>
Michael E. Gilfarb
Assistant United States Attorney
Fla. Bar. NO. 957836
99 N.E. 4th Street
Miami, FL

## CERTIFICATE OF SERVICE


**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on February 17, 2015, and that counsel for the defendant, AFPD Anthony Natale, received a true and correct copy via that manner.


<u>s/ Michael E. Gilfarb</u>
Michael E. Gilfarb
Assistant United States Attorney